UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LANCE WESTFALL<br>8359 Parkdale Dr.<br>North Royalton, OH 44133 | )<br>)<br>) | CASE NO.<br><br>JUDGE |
| Plaintiff, | )<br>) | **PLAINTIFF'S CLASS AND** |
| v. | )<br>) | **COLLECTIVE ACTION**<br>**COMPLAINT** |
| TECHNOLOGY INSTALL<br>PARTNERS, LLC<br>c/o Highland Park Service Corp.<br>28601 Chagrin Blvd., Ste. 500<br>Cleveland, OH 44122 | )<br>)<br>)<br>)<br>)<br>) | (Jury Demand Endorse Herein) |
| Defendant. | ) | |

Plaintiff Lance Westfall, on behalf of himself and all others similarly situated, by and through counsel, respectfully files this Collective Action Complaint, and states and alleges as follows:

## INTRODUCTION

1. Plaintiff Lance Westfall brings this case to challenge policies and practices of Defendant Technology Install Partners, LLC (hereinafter "Defendant") that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes and common law of the State of Ohio. Plaintiff Westfall brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated".

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and common law of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and/or all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5. At all times relevant, Plaintiff Westfall was a citizen of the United States and a resident of Cuyahoga County, Ohio. Plaintiff brings a collective action under § 216(b) of the FLSA against Defendant for unpaid overtime compensation and related damages on behalf of himself and all other similarly situated non-exempt hourly security system technicians, including installers, repairers, and maintenance service providers and other similar job titled employees.

6. Defendant is an Ohio Limited Liability Company with its principal place of business in Cleveland, Cuyahoga County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant's statutory agent for service of process is Highland Park Service Corp., 28601 Chagrin Blvd., Ste. 500, Cleveland, OH 44122.

## FACTUAL ALLEGATIONS

### Defendant's Business

7. Defendant is in the business of providing "consulting, design, installation, maintenance and repair … [of] turnkey technology security solutions including video surveillance, access control, nurse call, intrusion/fire alarm and beyond to businesses and government entities of all sizes."[1] Defendant's website states that Defendant provides security installation services, including video surveillance, access control, nurse call, commercial and

---

[1] https://www.linkedin.com/company/technology-install-partners (accessed April 19, 2017).

home alarm systems, commercial fire alarm, intrusion alarm systems, intercom systems, emergency communications and wireless, and security consulting, design, maintenance and repair services in the education, manufacturing, retail, senior care, construction, multi-tenant housing, "HOAs", hospitality, health care, government, public safety, food service, and transportation industries.[2] Defendant has offices located in Cleveland (4510 East 71st Street, Suite 8, Cleveland, Ohio 44105), Columbus (605 North High Street, Suite 195V, Columbus, Ohio 43215), and Lansing, Michigan (3105 S. Martin Luther King Jr. Blvd #346, Lansing, MI 48910). *Id.* Defendant proclaims to be "Ohio's only EDGE certified security company to also hold a GSA Schedule with the federal government."[3]

## Defendant's Status as Employer

8.   At all times relevant, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and O.R.C. Chapter 4111, and employed hourly employees, including Plaintiff.

9.   At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10.   At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11.   Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

## Plaintiff's Non-Exempt Status with Defendant

12.   Plaintiff Lance Westfall was employed by Defendant as a technician from approximately 2016 through 2017. Defendant employed Plaintiff throughout Northeastern Ohio

---

[2] http://technologyinstallpartners.com (accessed April 19, 2017).
[3] https://www.linkedin.com/company/technology-install-partners (accessed April 19, 2017).

as a security system installer. Plaintiff's duties included performing security system and server instillation repair and maintenance services.

13. Plaintiff and the FLSA Collective were classified by Defendant as non-exempt employees and paid on an hourly basis.

14. Plaintiff and the FLSA Collective worked in excess of forty (40) hours per week as security system installers, repairers, and maintenance service providers and/or other similar job titles/functions.

15. At all times relevant, Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

16. At all times relevant, Plaintiff and the FLSA Collective were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**Defendant's Failure to Pay for All Hours, Including Overtime Hours, Worked**

17. Defendant employs security system installers, repairers, and maintenance service providers and employees with other similar job titles/functions.

18. Defendant's policy and practice is to deny earned wages, including overtime wages, to its non-exempt hourly employees. Defendant requires its employees to be present and perform work in excess of forty hours per work week, fails to properly and accurately report wages earned and hours worked, fails to properly and accurately calculate overtime compensation, and further fails to pay for all hours worked.

19. Specifically, Defendant did not calculate or pay Plaintiff and the FLSA Collective for travel time between job locations during weeks in which they worked 40 or more hours, in violation of the FLSA, 29 U.S.C. § 207, 29 C.F.R. § 785.38, and corresponding Ohio law.

20. As a result, Defendant failed to pay Plaintiff and the FLSA Collective all hours worked. Had Plaintiff and the FLSA Collective been paid for all hours worked, some of the additional hours should have been compensated at the overtime rate.

21. Defendant's deliberate failure to pay hourly employees their earned wages and overtime compensation violates the FLSA as well as the statutes and common law of the State of Ohio.

22. All non-exempt hourly security system installers, repairers, and maintenance service providers and employees with other similar job titles are similarly situated in that they share common job duties and descriptions and are all subject to Defendant's policy and practice that requires them to perform work, including overtime, without compensation. These non-exempt hourly employees share a common chain of command.

23. Defendant's illegal pay practices were the result of systematic and company-wide policies originating at the corporate level.

## **COLLECTIVE ACTION ALLEGATIONS**

24. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

25. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

26. The FLSA Collective consists of:

All present and former hourly employees of Defendant who worked as security system technicians, including installers, repairers, and maintenance service providers and all other similar job titles during the period of three years preceding the commencement of this action to the present.

27. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt hourly employees, all were subjected to and injured by Defendant's unlawful practice of failing to pay for all hours worked and overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

28. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

29. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 25 persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law.

## **COUNT ONE**
### (FLSA Overtime Violations)

30. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

31. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

32. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

33. Plaintiff and the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

34. Defendant did not pay overtime compensation to Plaintiff and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

35. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

36. As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
**(Ohio Overtime Violations)**

37. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Plaintiff brings this claim for violations of the Ohio overtime compensation statute, O.R.C. § 4111.03.

39. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

40. Defendant's failure to compensate overtime hours and Defendant's failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

41. These violations of Ohio law injured Plaintiff and the FLSA Collective in that they did not receive wages due to them pursuant to that statute.

42. Defendant is therefore "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]" under Ohio law. O.R.C. § 4111.10.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

C. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

D. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Scott & Winters Law Firm, LLC
The Superior Building
815 Superior Avenue E., Suite 1325
Cleveland, OH 44114
440-498-9100
jscott@ohiowagewlawyers.com
rwinters@ohiowagelawyers.com

*and*

Kevin M. McDermott II (0090455)
MCDERMOTT LAW LLC
11925 Pearl Road, Suite 310
Strongsville, Ohio 44136
Telephone: 216-367-9181
Facsimile: 440-846-1625

kevin@mcdermottattorney.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)